ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| PUERTO RICO ASPHALT, LLC<br><br>Recurrente<br><br>V.<br><br>JUNTA DE SUBASTAS DEL MUNICIPIO AUTÓNOMO DE BARRANQUITAS<br><br>Recurrido | TA2026AP00613 | *Revisión* procedente de la Junta de Subastas del Municipio de Barranquitas<br><br>Subasta Núm.: 05-25-26<br><br>Sobre: Impugnación de Subasta |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

Marrero Guerrero, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de junio de 2026.

Comparece Puerto Rico Asphalt, LLC (PR Asphalt o recurrente)[1] y solicita la revisión de la *Notificación de Acuerdo Final de Adjudicación de Subasta* emitida el 1 de junio de 2026 por la Junta de Subastas del Municipio Autónomo de Barranquitas.[2] La determinación versó sobre el renglón de regado y compactado de asfalto bituminoso en la subasta para el suministro de materiales y servicios de construcción durante el año fiscal 2026-2027. En lo pertinente, las partidas de asfalto recogido en planta, asfalto frío y primer asfáltico se adjudicaron a PR Asphalt; el regado y compactado de asfalto a GTR Construction, LLC; el regado y compactado con equipo y mano de obra, escarificado, demarcación vial con pintura termoplástica blanca y amarilla y reflectores viales a CTR Asphalt Construction, Inc.; y la lupa para asfalto a NHI Construction, Corp.

La Junta de Subastas consignó que el recurrente era beneficiario de la *Ley para la Inversión en la Industria Puertorriqueña*,

---

[1] El recurso se acoge como revisión administrativa por dirigirse contra una determinación administrativa, pero se conserva la designación alfanumérica por economía procesal.
[2] Apéndice 1 del recurso de epígrafe en el Sistema Unificado de Manejo y Administración de Casos (SUMAC). Notificada el 1 de junio de 2026.

Ley Núm. 14-2004, 3 LPRA sec. 930 *et seq.,* bajo la clasificación de manufactura. No obstante, excluyó dicho beneficio de la partida de regado y compactado de asfalto por incluir compra, acarreo, mano de obra y seguros. Finalmente, expresó que la adjudicación servía a las necesidades operacionales y mejores intereses del Municipio.

En su alegato, PR Asphalt sostuvo que la Junta de Subastas erró al no aplicar el quince por ciento (15%) de preferencia bajo la *Ley para la Inversión en la Industria Puertorriqueña, supra,* a la porción de productos asfálticos en la partida de regado y compactado de asfalto bituminoso. Adujo que, de haberse aplicado, habría resultado el menor postor, por lo que la adjudicación a otro licitador fue arbitraria, descuidada y caprichosa, al no justificarse su beneficio al interés público ni evaluarse adecuadamente los criterios de precio, capacidad, cumplimiento, entrega y garantías. Añadió que la notificación fue defectuosa al omitir las razones para no adjudicarle la partida y no aplicar el por ciento de preferencia reclamado.

El 16 de junio de 2026, la Junta de Subastas presentó su alegato, en el que reconoció que no aplicó el por ciento de preferencia bajo la *Ley para la Inversión en la Industria Puertorriqueña, supra,* a la partida impugnada, por entender que comprendía asfalto, acarreo, mano de obra y seguros. Afirmó que, sin dicho por ciento, el licitador agraciado resultaba el mejor postor y que su selección respondió al interés municipal. A su vez, negó que la notificación de adjudicación fuera defectuosa, puesto que incluyó los licitadores, sus propuestas, los precios ofertados y las razones para no favorecer al recurrente.

Por los fundamentos que se exponen a continuación, se desestima el recurso por falta de jurisdicción.

## I.

### A. Jurisdicción

El derecho a la revisión apelativa no opera automáticamente, ya que está sujeto al perfeccionamiento oportuno y adecuado del

recurso. *UGT v. Centro Médico del Turabo*, 208 DPR 944 (2022); *Pérez Soto v. Cantera Pérez, Inc. et al.*, 188 DPR 98 (2013). La presentación oportuna del recurso incide en la jurisdicción del tribunal, entendida como la autoridad para adjudicar controversias con efecto vinculante. *Pérez Soto v. Cantera Pérez, Inc. et al.*, *supra*. Por ello, las partes no pueden conferirle jurisdicción voluntariamente al tribunal, ni este puede arrogársela discrecionalmente cuando no la tiene. *JJJ Adventure v. Consejo de Titulares y otros*, 2025 TSPR 123, 216 DPR ___ (2025); *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019). Por ello, todo foro adjudicativo tiene el deber de examinar su jurisdicción antes de atender los méritos de una controversia. *Íd.* Pues, si carece de jurisdicción, solo procede declararlo y desestimar el recurso, ya que todo dictamen es nulo e inexistente. *Íd.*

A esos efectos, la Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), autoriza la desestimación *motu proprio* de un recurso por falta de jurisdicción.

El análisis jurisdiccional comprende el principio de justiciabilidad que limita la función judicial a controversias genuinas entre partes con interés real en obtener un remedio. *Hernández, Santa v. Srio. de Hacienda*, 208 DPR 727 (2022); *Romero Barceló v. ELA*, 169 DPR 460 (2006); *Com. de la Mujer v. Srio. de Justicia*, 109 DPR 715 (1980). Un recurso prematuro no es justiciable, por lo que procede su desestimación, sin perjuicio de que la parte lo presente nuevamente una vez la agencia emita la determinación final. *Ruiz Camilo v. Trafón Group, Inc.*, 200 DPR 254 (2018); *Yumac Home v. Empresas Massó*, 194 DPR 96 (2015).

### B. Subasta formal

En nuestra jurisdicción, la contratación gubernamental está revestida del más alto interés público, en tanto persigue asegurar la inversión adecuada, responsable y eficiente de los recursos del

Estado y la protección del erario frente a prácticas indebidas como el favoritismo, la corrupción o el dispendio. *Redmane Tech., LLC v. Dpto. de Salud*, 2026 TSPR 37, 216 DPR ___ (2026); *St. James Sec. v. AEE*, 213 DPR 366 (2023). En ese contexto, la subasta formal se erige como el vehículo procesal ordinario para la adquisición de bienes y servicios por parte del Estado. *PVH Motor v. ASG*, 209 DPR 122 (2022).

Aunque el procedimiento de adjudicación de subastas es de naturaleza informal, ello no implica la ausencia de garantías fundamentales. *LPC & D, Inc. v. AC*, 149 DPR 869 (2000). Por el contrario, el debido proceso de ley impone unos requisitos mínimos que deben observarse, particularmente cuando la adjudicación afecta los intereses de los licitadores. *PVH Motor v. ASG, supra.*

A tales efectos, la notificación de adjudicación debe ser fundamentada, aunque sea de manera sucinta, para que la parte afectada conozca las razones de la decisión y el tribunal pueda ejercer su función revisora**.** *LPC & D, Inc. v. AC, supra.* En particular, debe incluir, como mínimo, la identificación de los licitadores y una síntesis de sus propuestas, los factores o criterios utilizados para adjudicar la subasta, los defectos de las propuestas no seleccionadas y la información relativa a los recursos disponibles, incluyendo los términos para solicitar reconsideración y revisión judicial. *Íd.* Esta exigencia extendida a las subastas municipales, promueve adjudicaciones cuidadosas, permite a la parte decidir si impugna o acata la determinación, y evita que el tribunal sustituya el criterio especializado del organismo adjudicador. *Pta. Arenas Concrete, Inc. v. J. Subastas*, 153 DPR 733 (2001).

La omisión de estos elementos constituye una notificación defectuosa que priva de jurisdicción al foro revisor. *Redmane Tech., LLC v. Dpto. de Salud, supra*; *PVH Motor v. ASG, supra.* También vulnera el debido proceso de ley, al impedir que la parte afectada ejerza efectivamente su derecho a impugnar la adjudicación. *Íd.*

Aunque este marco doctrinal está vinculado con la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9601 *et seq.* (LPAUG), dicho estatuto excluye expresamente de su aplicación a los gobiernos municipales, sus entidades o corporaciones. Sec. 1.3 (a)(1) de la LPAUG*, supra*, sec. 9603. Por ello, las subastas públicas municipales se rigen por el Código Municipal de Puerto Rico, Ley Núm. 107-2020, según enmendada, 21 LPRA sec. 7211 *et seq.*

Así, las adquisiciones de bienes y servicios del Municipio Autónomo de Barranquitas están reguladas por el *Reglamento de Procedimientos de Subastas*, aprobado el 18 de enero de 2022 por la Legislatura Municipal. El mismo dispone el procedimiento de subasta pública que aplicará a la compra de materiales, equipo, comestibles, suministros u otros bienes que excedan de $100,000.00 anuales y a toda construcción o mejora pública que exceda de $500,000.00 anuales, entre otros. Véase Art. 2.035 del Código Municipal, *supra*, sec. 7211.  El Artículo XXVII del referido Reglamento, *supra*, regula el aviso de adjudicación en los siguientes términos:

A. Una vez la Junta haya seleccionado el licitador o licitadores que obtuvieran la buena pro de la subasta, se preparará una minuta donde se hará constar las proposiciones recibidas y el otorgamiento de la subasta incluyendo todos los pormenores de la adjudicación. Los originales se conservarán en un cuaderno que se conocerá "Libro de Actas de la Junta de Subasta".

B. El Presidente de la Junta de Subastas comunicará a cada licitador la decisión final de la Junta en un Aviso de Adjudicación, el cual se notificará por escrito y por correo certificado con acuse de recibo, a todos los licitadores que participaron en la subasta y será firmada por el Presidente de la Junta. Indicará los renglones que se adjudicaron, si fue adjudicada por renglones, fecha en que deberán [...] comparecer para firmar el correspondiente contrato, las fianzas, seguros y cualquier otro requisito establecido en el aviso. No se adelantará a licitador alguno, información oficial sobre los resultados de la adjudicación, hasta tanto la Junta le haya impartido su aprobación final.

C. A los licitadores no agraciados en una subasta, se le comunicará la determinación de la Junta.

D. La notificación de adjudicación o la determinación final de la Junta, que se enviará a todos los licitadores que

participaron en la subasta, debe contener la siguiente información:
1. nombre de los licitadores;
2. síntesis de las propuestas sometidas;
3. factores o criterios que se tomaron en cuenta para adjudicar la subasta y razones para no adjudicar a los licitadores perdidosos;
4. derecho a solicitar revisión judicial de la adjudicación o acuerdo final, ante el Tribunal de Apelaciones dentro del término jurisdiccional de diez (10) días contados desde el depósito en el correo de la notificación de la adjudicación. [...]

**II.**

De una evaluación sosegada de la *Notificación de Acuerdo Final de Adjudicación de Subasta* recurrida, se desprende que esta no satisfizo las garantías mínimas del debido proceso de ley aplicables a la adjudicación de subastas municipales. En particular, la Junta de Subastas no incluyó una síntesis de las propuestas sometidas por los licitadores, no expuso de forma adecuada los criterios utilizados para adjudicar la partida impugnada, ni identificó concretamente las razones por las cuales no favoreció la propuesta de PR Asphalt en el renglón de regado y compactado de asfalto bituminoso.

La deficiencia cobra mayor importancia porque la controversia planteada por la recurrente gira, precisamente, en torno a la negativa de la Junta de Subastas a aplicar el quince por ciento (15%) de preferencia bajo la *Ley para la Inversión en la Industria Puertorriqueña, supra,* a la porción correspondiente a productos asfálticos. Aunque la Junta reconoció que PR Asphalt era beneficiario de dicha ley bajo la clasificación de manufactura, se limitó a expresar que la partida incluía compra, acarreo, mano de obra y seguros.

Esta opacidad impide una revisión judicial efectiva. Sin una explicación concreta sobre los criterios empleados y las razones para rechazar la aplicación del beneficio estatutario reclamado, este Tribunal no cuenta con una base adecuada para evaluar si la adjudicación fue razonable, si respondió al interés público municipal o si se sostuvo conforme a derecho. Tampoco corresponde a este Foro

suplir, mediante inferencias, los fundamentos que la Junta de Subastas venía obligada a consignar en su notificación.

En consecuencia, la notificación recurrida resultó defectuosa, por lo que este Tribunal carece de jurisdicción para atender los méritos del recurso. Por tanto, procede desestimar el recurso y devolver el asunto a la Junta de Subastas para que emita una notificación de adjudicación conforme a las exigencias aplicables, según previamente expuesto.

**III.**

Por los fundamentos que anteceden, se desestima el recurso por falta de jurisdicción. En consecuencia, se devuelve el caso a la Junta de Subastas para la continuación de los procedimientos conforme a lo aquí dispuesto.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones